Theodore GEORGE, Petitioner/Appellant,

v.

UNITED STATES of America, Respondent/Appellee.

No. 79–2530.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1980.

Decided Dec. 11, 1980.

James W. Kiser, Boise, Idaho, for petitioner/appellant.

Donald L. Harris, Asst. U.S. Atty., Boise, Idaho, for respondent/appellee.

Before BROWNING and PREGERSON, Circuit Judges, and TAKASUGI,* District Judge.

PER CURIAM:

Appellant Theodore George was indicted for first degree murder within Indian country in violation of 18 U.S.C. §§ 1111 and 1151. In November 1977, George pleaded guilty to the lesser included offense of second degree murder for which he received a seventeen–year prison sentence. George did not object to the sentence when it was imposed by the district court nor did he take a direct appeal from the judgment of conviction. However, in November 1978, long after the time for taking an appeal had expired, George filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging, among other things, that the district court violated Fed.R.Crim.P. 11(c)(3) by accepting his guilty plea without informing him of his constitutional right against compulsory self–incrimination. The district court, after an evidentiary hearing, denied the motion. This appeal followed. We affirm.

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of

Fed.R.Crim.P. 11(c)(3), as amended in 1975, states that before accepting a plea of guilty "the court must address the defendant personally in open court and inform him of, and determine that he understands ... that he has ... the right not to be compelled to incriminate himself...." The parties agree that the district court erred in not advising George of this right. Had George raised the error on direct appeal from the judgment of conviction, his conviction undoubtedly would have been reversed and his sentence vacated, and he would have been allowed to plead anew. In *McCarthy v. United States*, 394 U.S. 459, 463–64, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969), the Supreme Court held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11."

In *McCarthy* the Rule 11 violation was asserted on direct appeal. Here, however, George raises the issue of the district court's failure to comply with Rule 11 by way of collateral attack under 28 U.S.C. § 2255.

■ The Supreme Court recently held that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *United States v. Timmreck*, 441 U.S. 780, 785, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), *quoted in United States v. Lopez–Beltran*, 619 F.2d 19, 20 (9th Cir. 1979). The Court indicated that a "constitutional or jurisdictional error" should not be viewed as a "formal" violation. But it is clear that the procedure of Rule 11 is not constitutionally mandated and that deviation from it is not *per se* constitutional error. *See Timmreck, supra,* 441 U.S. at 783–84, 99 S.Ct. at 2087, *citing McCarthy, supra,* 394 U.S. at 465, 89 S.Ct. at 1170. *See also Henderson v. Morgan,* 426 U.S. 637, 651, 96 S.Ct. 2253, 2260, 49 L.Ed.2d 108 (1976) (White, J., joined by Stewart, Blackmun & Powell, JJ., concurring).

California, sitting by designation.

The *Timmreck* Court implied that if a defendant actually were unaware of his constitutional right, then there would, in fact, be constitutional error. This is because lack of a knowing waiver would render the plea involuntary. George did testify at the 2255 hearing that no one informed him of his constitutional right to avoid self–incrimination. However, his counsel at the time of trial testified that he had informed George on more than one occasion that George could testify or not as he chose, and that under the Constitution, no presumption of guilt would arise from his failure to take the stand.

The district court judge made an explicit credibility determination in favor of the lawyer and against George, finding as a fact that when George entered his plea he knew of his right against self–incrimination and waived it. We are not free to disturb this finding on appeal. Consequently George's plea was voluntarily entered and there was no constitutional error.

AFFIRMED.