**Michael Alan PITTS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 83–5581.**

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1985.

Decided May 30, 1985.

---

C. Fred Partin, Court-appointed, E. Lewis Kincer, argued, Louisville, Ky., for petitioner-appellant.

Ronald E. Meredith, U.S. Atty., Alexander T. Taft, Jr., R. Kent Westberry, argued, Louisville, Ky., for respondent-appellee.

Before CONTIE and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Michael Alan Pitts appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. The facts relevant to this appeal are largely undisputed. On July 15, 1979, Pitts and one Leroy Green were named in a three-count indictment. The first count alleged the passing of counterfeit money. *See* 18 U.S.C. § 472. The second count alleged a knowing receipt of stolen United States property. *See* 18 U.S.C. § 641. The third count alleged unauthorized possession of food stamps. *See* 7 U.S.C. § 2024. It is agreed by both parties and by the district court that Pitts' maximum possible exposure on the three counts was thirty years and a fine of $25,000. Pitts originally entered a plea of not guilty but later pleaded guilty to counts two and three pursuant to a plea agreement. Under the agreement, the government agreed to nolle pros count one and Pitts agreed to plead guilty to counts two and three, for which he would receive two concurrent three-year sentences. The terms of the agreement were carried out by both parties.

After completing this sentence, Pitts was released from federal custody. He was later arrested for a Kentucky state offense and was convicted both of that substantive offense and of being a persistent felony offender. The federal conviction was used as a predicate offense to establish his status as a persistent felony offender. He is currently incarcerated in the Kentucky prison system.[1] Pitts' motion asserted that

---

1. 28 U.S.C. § 2255 provides a remedy for a "prisoner *in custody* under sentence of a court established by Act of Congress," *i.e.,* a federal court. Since Pitts' federal sentence had expired by the time he filed this action and he was no longer "in custody" pursuant to the federal sentence, § 2255 relief may be technically inappropriate. This does not mean, however, that Pitts is without a remedy. In *Flippins v. United States,* 747 F.2d 1089 (6th Cir.1984), this court held that a former federal prisoner currently incarcerated as a persistent felony offender under state law can obtain collateral relief from his prior federal conviction in the form of a writ of error coram nobis.

The government does not argue that Pitts' petition should be dismissed because it was brought as a § 2255 motion rather than as a writ of error coram nobis. Indeed, it never objected to the district court's handling of this case as if it were one arising under § 2255. Accordingly,

his plea was not a knowing and voluntary one because of certain deficiencies in the district court's colloquy with him when taking his plea. It also asserted ineffective assistance of counsel, alleging, among other things, that his attorney mistakenly informed him that his total exposure on all three counts was a forty-year term of imprisonment.

The district court found that it had failed to inform Pitts that by pleading guilty he was waiving his right to confront and cross-examine adverse witnesses and to inform him that, were he to proceed to trial, he would have a right not to incriminate himself. The district court also found that it had misinformed Pitts of the maximum possible sentence under counts two and three. After excluding count one, Pitts' total exposure was a sentence of fifteen years and a fine of $20,000. The court mistakenly informed Pitts that he could receive twenty-five years and a $25,000 fine. Relying substantially on *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the district court denied relief without an evidentiary hearing, ruling that the claimed errors were not of sufficient magnitude to warrant collateral relief.

In *Timmreck*, the Supreme Court held that "formal" or "technical" violations of Federal Rule of Criminal Procedure 11 do not warrant collateral relief. *See id.* at 783–84, 99 S.Ct. at 2087. In that case, the defendant had brought a § 2255 motion based on the trial court's failure to advise him of a mandatory special parole term. Significantly, the defendant did "not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty." *Id.* at 784, 99 S.Ct. at 2087. Thus, Timmreck's only claim was indeed a purely technical one: the trial judge failed to adhere ritualistically to the

dictates of Rule 11 in accepting the plea. The Court held that collateral relief is not warranted for such a violation. Instead, collateral relief is warranted only for constitutional defects, jurisdictional defects, complete miscarriages of justice or failures to adhere to the rudimentary demands of fair procedure. *Id.* at 783–84, 99 S.Ct. at 2087.

The district court characterized its failure to advise Pitts of his waivers of certain rights as mere technical violations of Rule 11 and dismissed this portion of his motion pursuant to *Timmreck*. Pitts argues on appeal that the deficiencies in the trial court's advice to him cannot be characterized as mere technical or formal errors, but instead are of constitutional magnitude.

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court reversed a state court conviction based on a guilty plea where the trial court failed to obtain "an affirmative showing that it was intelligent and voluntary." *Id.* at 242, 89 S.Ct. at 1711. Specifically, the trial court failed to establish a waiver of several constitutional rights.

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.... Second, is the right to trial by jury.... Third, is the right to confront one's accusers.... We cannot presume a waiver of these three important federal rights from a silent record.

*Id.* at 243, 89 S.Ct. at 1712 (citations and footnote omitted). Since the Court in *Boykin* was reversing a state court conviction, there can be no doubt but that *Boykin*

we evaluate this case under the standards governing § 2255 cases since the parties agreed to that characterization below. Moreover, the standards for granting relief under a writ of error coram nobis and under a § 2255 motion are substantially the same. *Compare United*

*States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), *and Flippins*, 747 F.2d at 1091, *with United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

rested upon a constitutional holding.[2] Pitts' complaint is that he was not advised that he was waiving some of the same constitutional rights mentioned in *Boykin*. Moreover, he has alleged that he would not have pleaded guilty if he had been advised by the trial court that he was waiving those rights. *See* App. at 17–18. Pitts' claims, then, rise above the level of mere technical or formal errors. Instead, he is alleging that his constitutional rights were violated because his guilty plea was not a voluntary and intelligent one.

■ That *Boykin* was not fully complied with, however, does not end the inquiry. The ultimate question which remains is whether Pitts' plea was in fact voluntary and intelligent. *See generally North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice...."). *Cf. North Carolina v. Butler*, 441 U.S. 369, 373–74 & n. 4, 99 S.Ct. 1755, 1757 & n. 4, 60 L.Ed.2d 286 (1979) (In analogous context of a *Miranda* waiver, the Court held that the "question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case."). The mere failure to advise a defendant of each right enumerated in *Boykin* does not automatically invalidate the plea. *See, e.g., United States v. Freed*, 703 F.2d 394, 395 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 131, 78 L.Ed.2d 126 (1983); *Barksdale v. Blackburn*, 670 F.2d 22, 25 (5th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982); *George v. United States*, 633 F.2d 1299, 1301 (9th Cir.1980) (per curiam), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1397, 67 L.Ed.2d 368 (1981); *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir.1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *Roddy v. Black*, 516 F.2d 1380, 1383–85 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *Todd v. Lockhart*, 490 F.2d 626, 627–29 (8th Cir.1974). A defendant may learn of the information not relayed to him by the trial court from other sources, such as his attorney. *See, e.g., Barksdale*, 670 F.2d at 25; *George*, 633 F.2d at 1301.[3] Thus, if a defendant shows an insufficiency in the transcript, *Boykin* does not automatically require that the conviction be vacated but instead requires that the state prove, by evidence extrinsic to the transcript, that the plea was nonetheless voluntary and intelligent. *See Roddy*, 516 F.2d at 1384; *Todd*, 490 F.2d at 627–28.[4] Accordingly, this portion of the case must be remanded for an evidentiary hearing.

■ The second element of Pitts' motion concerns misadvice by his attorney as to his maximum possible exposure on all three counts of the indictment and misadvice by the trial court on his maximum possible exposure to the two counts to which he was pleading guilty. Once again, Pitts has alleged that he would not have pleaded guilty

**2.** *Compare McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (holding, under the Court's supervisory power, that failure to comply strictly with Rule 11 will lead to automatic reversal of federal conviction on direct appeal).

**3.** The Supreme Court in *Alford* addressed this point in passing:

At the state court hearing on post-conviction relief, the testimony confirmed that Alford had been fully informed *by his attorney* as to his rights on a plea of not guilty and as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea, no issues of substance under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), would be presented even if that case was held applicable to the events here in question.

*See* 400 U.S. at 29 n. 3, 91 S.Ct. at 163 n. 3 (emphasis added).

**4.** Our resolution of this case is consistent with *United States v. Stead,* 746 F.2d 355 (6th Cir. 1984). In *Stead,* this court held, in accordance with the authorities cited above, that the failure to mention certain rights in taking a plea "does not preclude a finding that Stead voluntarily and intelligently entered his guilty plea." *Id.* at 357. The court then affirmed the district court's conclusion that, on the record before it, the plea was as a factual matter a voluntary and intelligent one.

if he had been properly advised as to his total exposure.

These issues must also be remanded for an evidentiary hearing. We stress that this case does not involve a mere failure to give a defendant some information which he later claims would have affected his pleading decision. Instead it involves affirmative misstatements of the maximum possible sentence. Numerous cases have held that misunderstandings of this nature invalidate a guilty plea. *See, e.g., United States v. Rumery*, 698 F.2d 764 (5th Cir. 1983) (on appeal of denial of motion to withdraw plea, court held that defendant was denied effective assistance of counsel when his maximum exposure was five years but court appointed attorney advised him of maximum possible exposure of thirty years); *United States v. Herrold*, 635 F.2d 213 (3d Cir.1980) (per curiam) (on appeal of denial of motion to withdraw plea, court held that trial court's misadvice in telling defendant of maximum possible sentence of forty-five years invalidated the plea when twenty-five years was the maximum possible sentence); *United States v. Scott*, 625 F.2d 623 (5th Cir.1980) (per curiam) (on collateral attack, court held that guilty plea is invalidated by the trial court's telling the defendant of a five year maximum exposure when he faced a possible six year maximum exposure); *Hammond v. United States*, 528 F.2d 15 (4th Cir.1975) (on collateral attack, guilty plea invalidated when court clerk and court appointed attorney misadvised defendant that total exposure was in excess of ninety years when total exposure was actually only fifty-five years). Although the government argues that the presence of the plea agreement in this case renders this misadvice insignificant, the effect of the plea agreement may have been to exacerbate the problem. When considering a plea agreement, a defendant might well weigh the terms of the agreement against the maximum sentence he could receive if he went to trial. When the maximum possible exposure is overstated, the defendant might well be influenced to accept a plea agreement he would otherwise reject.[5]

An evidentiary hearing is needed on this issue to determine whether the trial court's misstatement was material to Pitts' decision, or, in other words, to determine whether Pitts would not have pleaded guilty but for the misstatement. *See Williams v. Smith*, 591 F.2d 169, 172 (2d Cir.), *cert. denied*, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289 (1979). Similarly, it must be determined on remand whether Pitts' allegations regarding his attorney's misadvice are true, whether this misadvice went uncorrected and, if so, whether Pitts would not have pleaded guilty but for the misadvice. *See generally Manley v. United States*, 588 F.2d 79, 81–82 (1978).[6]

For the reasons stated above, the decision of the district court is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.

---

5. The fallacy of the government's argument is illustrated by *Allen v. United States*, 634 F.2d 316 (5th Cir.1981) (per curiam). *Allen* distinguished cases which held that a guilty plea is invalidated because of an overstatement in the maximum possible exposure on the ground that in the case before it there was no plea agreement. The court reasoned that, in the absence of a plea agreement, an overstatement of the defendant's maximum possible exposure will influence him, if anything, to proceed to trial and take his chances. *Id.* at 317.

6. We cannot accept the district court's conclusion that an evidentiary hearing would be fruitless because the question turns on intent and only Pitts can know what his intent was at the time he pleaded guilty. In many types of cases, for example in title VII cases and in most criminal cases, factfinders are called upon to determine a person's subjective state of mind. Although direct evidence on state of mind is impossible to produce, circumstantial evidence is useful and competent for this purpose.