812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Alan PITTS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-5885.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1987.
 
 Before KENNEDY and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In Pitts' first appeal, Pitts v. United States, 763 F.2d 197 (6th Cir.1985), he appealed the district court's having dismissed, without an evidentiary hearing, his 28 U.S.C. Sec. 2255 motion to vacate the sentence which had been imposed following his entry of pleas of guilty to two counts of a three-count indictment. The third count was dismissed as part of a plea agreement. Pitts contended that his constitutional rights had been violated because his guilty pleas were not voluntary and intelligent, in view of deficiencies in the district court's colloquy with him when taking his pleas, and his attorney having misstated to him his maximum possible exposure on all three counts.
 
 
 2
 We reversed the district court's order and remanded the cause with instructions that the district court conduct an evidentiary hearing to determine whether Pitts had learned from other sources the information omitted by the district court; whether misinformation from the district court concerning possible exposure on the two counts was material to Pitts' decision to plead guilty; whether Pitts' allegations concerning his attorney's misadvice were true; and, if this advice went uncorrected, whether Pitts would not have pleaded guilty but for the misadvice.
 
 
 3
 In this appeal, Pitts contends that insufficient evidence was developed at the hearing, upon remand, to warrant a finding that his pleas were voluntarily and intelligently entered, and that the district court therefore erred in again denying his attack upon his sentence. We disagree.
 
 
 4
 Only two witnesses testified during the evidentiary hearing upon remand. Pitts maintained that no one informed him of his constitutional rights; that his attorney represented to him that the maximum sentence which he faced if he went to trial was forty years; and that he would have elected to go to trial had he known the maximum exposure was actually thirty years. Pitts' attorney said that without exception he followed a normal routine when handling criminal cases which included advising clients of the nature of the charges against them, the maximum possible sentence which they could receive under the indictment, and their constitutional rights; and that he was convinced that he had followed this procedure in representing Pitts.
 
 
 5
 The district court accepted the testimony of the attorney and found Pitts not worthy of belief, concluding that it was "absolutely incredible" that he would contend that he was willing to risk a trial where the maximum sentence was thirty years, but was unwilling to take such a risk in the face of a forty-year sentence. The district court went on to find that "this defendant knew full well the perils of going to trial and when he was offered the opportunity to escape with a lenient three-year sentence, he grasped it avidly and it was not until his difficulty with the state courts led to his enhanced conviction ... that he suddenly recalled that his constitutional rights had been violated."
 
 
 6
 Because it is apparent from the record that the district court complied with our instructions upon remand, and that there is sufficient evidence to support a finding that Pitts received from his attorney the information omitted by the trial judge, and that any misinformation concerning possible maximum sentencing exposure was not material to Pitts' decision to enter into a plea agreement resulting in his entering guilty pleas in exchange for a three-year sentence, the trial court was warranted in concluding that the pleas were voluntarily and intelligently entered, and that Pitts' motion should be denied.
 
 
 7
 Accordingly, the order of the district court is affirmed.