856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
J. Walter BELL, Defendant-Appellant.
 No. 87-1503.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1988.
 
 Before LIVELY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant appeals his conviction resulting from a guilty plea to a charge of mail fraud in violation of 18 U.S.C. Sec. 1341. The defendant and his attorney, along with the prosecutor, executed a plea agreement pursuant to Rule 11, Fed.R.Crim.Proc., providing for a maximum term of imprisonment of twenty-seven months and containing no agreement concerning a fine. After accepting the guilty plea the district court sentenced the defendant to eighteen months imprisonment, a special assessment fee of $50 and $3,472.40 restitution. On appeal the defendant contends that his guilty plea was not knowing and voluntary because of deficiencies in the district court's colloquy with him at the time the plea was taken.
 
 
 2
 More specifically, the defendant argues that the district court failed to advise him of his right to confront and cross-examine adverse witnesses as required by Rule 11(c). The district court's advice to the defendant stated in part:
 
 
 3
 You have a right to have the witnesses against you appear at the trial, you have a right to question the witnesses against you....
 
 
 4
 The defendant argues that the right of confrontation and cross-examination is too important to be presented in the language of the street and that the district court should have advised the defendant specifically with respect to confrontation and cross-examination.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the defendant has not established the absence of a knowing and voluntary guilty plea. In United States v. Timmreck, 441 U.S. 780 (1979), the Supreme Court determined that collateral relief from a guilty plea may not be based on a showing of mere formal or technical violations of Rule 11. In United States v. Stead, 746 F.2d 355 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985), this court applied the same rule to a direct appeal from a guilty plea such as the one now before us.
 
 
 6
 The defendant argues that this court added a limitation to this rule in Pitts v. United States, 763 F.2d 197 (6th Cir.1985), where we held that if a defendant shows an insufficiency in the transcript of the district court proceedings, the prosecution must prove by evidence extrinsic to the transcript that the plea was nonetheless voluntarily and knowingly made. Of course, the premise of Pitts is that the defendant must show a deficiency in the proceedings before a burden is cast upon the prosecution to prove anything by extrinsic evidence. Where the transcript shows nothing more than a technical departure from the language of Rule 11, the defendant has failed to establish that a violation requiring reversal occurred and the prosecution is not required to augment the transcript. Our review of the record indicates that the district court complied substantially with the requirements of Rule 11 and that the defendant's plea was knowingly and voluntarily made.
 
 
 7
 The judgment of the district court is affirmed.