891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hernando RODRIGUEZ, Defendant-Appellant.
 No. 88-15795.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1989.*
Decided Dec. 6, 1989.
 
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hernando Rodriguez, a federal prisoner, appeals the district court's denial of his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. We review the district court's denial de novo. United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. denied, 107 S.Ct. 16 (1986). The district court's factual findings are reviewed for clear error. Carter v. McCarthy, 806 F.2d 1373, 1376 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987).
 
 FACTS
 
 3
 Pursuant to a plea bargain arrangement, Rodriguez entered a guilty plea to a federal narcotics violation. 18 U.S.C. § 3231. The government agreed to offer a non-binding recommendation that Rodriguez be given a seven year prison sentence. Before accepting his plea, the district court informed Rodriguez that he could be sentenced to a prison term of up to twenty years. Contrary to the requirements of Fed.R.Crim.P. 11(e)(2), however, the court failed to inform Rodriguez that he could not withdraw his guilty plea if the court rejected the government's recommended sentence.
 
 
 4
 Rodriguez filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. This petition was summarily dismissed by the district court. We reversed and remanded for an evidentiary hearing to determine whether Rodriguez was aware that the guilty plea could not be withdrawn if the court rejected the recommended sentence. On remand, the district court concluded from the evidence presented at the hearing that Rodriguez understood the consequences of the guilty plea. The petition was dismissed and Rodriguez appealed again.
 
 DISCUSSION
 
 5
 A district court's violation of a procedural rule is not a per se constitutional error in a collateral appeal. George v. United States, 633 F.2d 1299, 1300 (9th Cir.1980), cert. denied, 450 U.S. 933 (1981). To succeed in his § 2255 petition, Rodriguez must show that the district court's error amounted to a "jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). A trial court's non-compliance with Rule 11 constitutes reversible error when it results in a guilty plea being given by the defendant without knowledge of the direct consequences. United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989). A defendant must show that he was prejudiced by the error in that "he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." Grewal, 825 F.2d at 222.
 
 
 6
 The district court considered the testimony given at the evidentiary hearing on remand and concluded that Rodriguez was not prejudiced because he was aware of the consequences of his plea and that it could not be withdrawn. The district court's finding is not clearly erroneous. See United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988) (whether defendant subjectively understood the consequences of his plea is an underlying factual question reviewed for clear error).
 
 
 7
 The evidentiary hearing revealed that Rodriguez had been told by his attorney that the plea, once given, could not be withdrawn. There is no dispute that Rodriguez was informed that the judge could impose a sentence in excess of the seven year recommendation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3