949 F.2d 397
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane Herman DAVIS; Alicia Davis, Defendants-Appellants.
 No. 91-1982.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREEZE, Senior Circuit Judge
 ORDER
 Duane Herman Davis, a pro se federal prisoner, appeals the district court's order denying his petition for writ of error coram nobis. Alicia Davis appeals the district court's order denying her motion to join in the petition filed by Duane Davis. Appellants request the appointment of counsel. Pursuant to Rule 9(a), Rules of the Sixth Circuit, the appeal has been referred to a panel of the court, which unanimously agrees that oral argument is unnecessary. Fed.R.App.P. 34(a).
 Duane Davis is currently serving a 25 year sentence for multiple drug offenses, including the operation of a continuing criminal enterprise in violation of 21 U.S.C. § 848. Alicia Davis was sentenced to serve a six year term of imprisonment for her role in the drug importation scheme. Her sentence has expired.
 In his petition for a writ of error coram nobis, Duane Davis alleged that the prosecutor deliberately withheld wiretap evidence, in contravention of Brady v. Maryland, 373 U.S. 83 (1963). He maintained that the wiretap evidence would have precluded a finding that he occupied a supervisory role in the drug conspiracy. He asserted further that if this evidence had been disclosed prior to trial, counsel would have pursued a different defense strategy, thereby altering the outcome of the trial. He also asserted that the prosecutor's misconduct infected the entire trial, including the attitude of the judge and the content of the jury instructions. In her motion to join in the petition, Alicia Davis contended that disclosure of the wiretapped conversations would have impeached the testimony of the government's chief witness against her.
 The district court considered the petition filed by Duane Davis as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. The petition was dismissed as a successive motion under Rule 9(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Subsequently, Alicia Davis filed her motion to join in the petition, and the Davises then filed a timely motion for reconsideration. The district court denied the motion for reconsideration. In a separate order, the district court denied the motion to join in the petition, as the petition was no longer pending in the district court. This appeal followed.
 Upon review, we conclude that the district court did not abuse its discretion. The district court correctly reviewed the petition filed by Duane Davis as a motion to vacate sentence under 28 U.S.C. § 2255. See Pitts v. United States, 763 F.2d 197, 198 n. 1 (6th Cir.1985) (per curiam). Under Rule 9, Rules Governing Section 2255 Proceedings in the District Courts, the district court is authorized to dismiss a motion as successive if it finds that the motion fails to present new and different grounds, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the motion. Sanders v. United States, 373 U.S. 1, 15 (1963); see also Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 1
 Duane Davis's petition was properly dismissed as a successive motion. He has filed at least two prior section 2255 motions to vacate. Grounds for relief asserted in the prior motions include prosecutorial misconduct, ineffective assistance of counsel, and the trial court's failure to give a requested jury instruction. Arguments presented in the current petition do not differ significantly from arguments already presented. Issues concerning the sufficiency and quality of evidence were discussed in the direct appeal and the previous motions to vacate sentence. The ends of justice do not require review of this matter.
 
 
 2
 The district court did not abuse its discretion by denying Alicia Davis's motion to join in the petition of Duane Davis. Moreover, the errors she alleges do not provide adequate grounds for reconsideration under Fed.R.Civ.P. 59(e). To the extent the petition is reviewed as a motion to vacate sentence, she would not be entitled to relief because she is no longer in custody. See Pitts, 763 F.2d at 198 n. 1.
 
 
 3
 Accordingly, the request for counsel is denied and the district court's orders are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.