19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Richard ASBURY, Defendant-Appellant.
 No. 93-5753.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant John Richard Asbury pleaded guilty to, and was sentenced on, one count of possessing marijuana with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). The issue on appeal is whether the district court erred by including a prior felony conviction in defendant's criminal history category calculation. We AFFIRM.
 
 I.
 
 2
 Asbury was sentenced on May 18, 1993. His presentence report determined that, based on his prior convictions, defendant was a career offender under U.S.S.G. Sec. 4B1.1 (Nov. 1992). This gave him a base offense level of 17, and a criminal history score of VI, resulting in a guideline sentencing range of 37 to 46 months. Defendant challenged the use of one of the prior convictions used in classifying him as a career offender, a guilty plea entered in a Texas state court in 1989, which defendant claims was not knowingly and intelligently made. Without the challenged prior Texas conviction, defendant's base offense level would be 12, his criminal history category would be III, and without the enhancement for being a career offender, his sentencing range would be 15-21 months.[1] The trial court overruled defendant's objection, and sentenced defendant to 37 months, to be followed by a three-year term of supervised release. This timely appeal followed.
 
 II.
 
 3
 The first argument presented, concerning the district court's exercise of its discretion to hear Asbury's constitutional challenge to his prior conviction, has now been conclusively decided by United States v. McGlocklin, 8 F.3d 1037 (6th Cir.1993) (en banc), petition for cert. filed, --- U.S.L.W. ---- (December 16, 1993) (No. 93-7201). McGlocklin holds that a sentencing court has discretion to hear a defendant's collateral attack if certain conditions are met: (1) the defendant has complied with procedural requirements for objecting to the conviction's inclusion in the criminal history score; and (2) defendant has stated specifically the grounds claimed for the prior conviction's constitutional invalidity in his initial objection and indicated the means by which he plans to challenge the prior conviction. Id. at 1044-45. The court should also consider whether the defendant has available alternative methods for attacking the prior conviction such as state post-conviction remedies or federal habeas relief. Id. at 1045.
 
 
 4
 Although the government did not have the opportunity to address whether these conditions have been met, the record reflects that they have. Defendant timely objected, on specified constitutional grounds, to the inclusion of the Texas conviction in the calculation of his sentencing guidelines range and resulting enhancement as a career criminal. Defendant also indicated that he would attempt to prove invalidity by presenting the record of the Texas proceedings together with his supplemental affidavit.[2]
 
 
 5
 It was thus within the district court's discretion to consider defendant's challenge to the Texas conviction. Defendant argues that the prior Texas conviction is constitutionally invalid in that the Texas court did not advise him of all rights that are waived when he pleaded guilty, which he maintains is required by Boykin v. Alabama, 395 U.S. 238 (1969). Specifically, defendant claims that he was not informed that he had a right to: appointed counsel, present witnesses on his behalf, trial by jury, suppress evidence illegally obtained, not incriminate himself, a public trial, and have the state prove his guilt beyond a reasonable doubt.
 
 
 6
 Contrary to defendant's assertion, Boykin does not mandate that each constitutional right waived be enumerated and separate waivers be elicited as to each. Pitts v. United States, 763 F.2d 197, 200 (6th Cir.1985) (per curiam); Fontaine v. United States, 526 F.2d 514, 516 (6th Cir.1975), cert. denied, 424 U.S. 973 (1976). What Boykin held is that a guilty plea is valid only if it is both voluntary and intelligent.[3] Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991) (citing Boykin, 395 U.S. at 242). See also North Carolina v. Alford, 400 U.S. 25, 31 (1970) (reaffirming Boykin standard). For a plea to be voluntary and intelligent, a defendant must be informed of the direct consequences of entering the plea. Brady v. United States, 397 U.S. 742, 755 (1970). Where a defendant demonstrates that he was not fully advised of the several constitutional rights involved in a waiver that takes place when a defendant pleads guilty, the ultimate inquiry is whether the plea was voluntarily and intelligently made. Pitts, 763 F.2d at 200. This determination is made by considering the totality of the circumstances. Id. at 749; Riggins, 935 F.2d at 795.
 
 
 7
 The record of the Texas plea reveals that, in addition to being asked whether his plea was freely and voluntarily given, defendant was asked whether he understood that if the plea were accepted that he would not be eligible to appeal except by court approval, that he would be giving up certain legal rights such as having a jury decide whether he was guilty, the right to cross-examine the state's witnesses, and whether he understood the charge against him as well as the proposed punishment. Additionally, prior to his guilty plea, defendant signed certain waiver papers which detailed this right to a trial by jury, the right to confront the witnesses against him, and his right to present witnesses in his own defense. At the sentencing, the trial judge asked defendant whether he had read and understood the papers he had signed. Defendant said that he did. In sum, we think the totality of circumstances support the district court's determination that defendant's plea was knowingly and intelligently made. AFFIRMED.
 
 
 
 [1]
 The Sentencing Guideline for violation of 21 U.S.C. Sec. 841(a)(1) is found in U.S.S.G. Sec. 2D1.1(c)(16)
 
 
 [2]
 Although not mentioned in his reply brief (which discusses McGlocklin factors), defendant's second supplemental response to presentence report also mentions that any collateral attack in the Texas forum on the Texas judgment may be precluded in that the Texas clerk's office stated that defendant would be released from his Texas probation after the judgment of the district court was entered. See J.A. at 39. The parties do not, however, indicate whether he has been released
 
 
 [3]
 Defendant's reliance on United States v. Bradley, 922 F.2d 1290 (6th Cir.1991), overruled by, United States v. McGlocklin, 8 F.3d 1037 (6th Cir.1993) (en banc), petition for cert. filed, --- U.S.L.W. ---- (December 16, 1993) (No. 93-7201), is misplaced. In Bradley, the court held that the applicable state law procedures, which were more stringent than federal standards, had not been met. Here, by contrast, defendant claims only that federal constitutional requirements were not met. In any event, Bradley was recently overruled on this ground in McGlocklin,k which holds that the validity of a prior state conviction for sentencing purposes must be determined solely as a matter of federal law. McGlocklin, 8 F.3d at 1046-47