19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alberta ANDERSON, Defendant-Appellant
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 92-2441.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1994.
 
 Before: JONES and BOGGS, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Alberta Anderson appeals the district court's denial of her motion to vacate her sentence. Anderson challenges the denial on two grounds: first, the district court erroneously failed to hold an evidentiary hearing before denying her motion to vacate; and second, the trial court erred in determining that Anderson was uncooperative. In addition, Anderson asserts that she was harassed by Assistant U.S. Attorney Mark Jones after she filed her motion to vacate. After consideration of the issues, we affirm the decision of the lower court.
 
 I.
 
 2
 Anderson was charged in a one-count indictment with conspiracy to distribute cocaine. At the sentencing hearing, the attorney for the government recommended a sentence of 96 months, which was a downward departure from the applicable Guidelines range. However, the district court indicated that it felt even this sentence was too long. Addressing these concerns, the government agreed that in the event that Anderson provided further cooperation, it would be willing to file a Rule 35 motion for a further reduction in sentence. The district court sentenced Anderson to 68 months imprisonment.[1] The Rule 35 motion was never filed.
 
 
 3
 In response to the government's failure to file the Rule 35 motion, Anderson filed a motion to vacate, which was denied by the district court on October 8, 1992. The instant appeal followed on October 22.
 
 
 4
 During the pendency of this appeal, on April 16, 1993, Assistant U.S. Attorney Mark Jones sent a letter to Anderson's caseworker at the Lexington Medical Center. This letter stated in part:
 
 
 5
 Please approach Ms. Anderson with these copies [of the motion to vacate and the appeal] and inquire who wrote the briefs. In the event she indicates that she wrote them, please ask who helped her. (It appears to me that someone at FMC Lexington is practicing law without a license.)
 
 
 6
 In her reply brief, Anderson claims that this letter constitutes intimidation and harassment.
 
 II.
 
 7
 Defendant Anderson first asserts that the district court erred in denying her motion to vacate her sentence. In pursuing this assertion, she challenges both the lower court's failure to conduct an evidentiary hearing prior to denying her motion, and the allegedly erroneous conclusion that she was uncooperative.
 
 
 8
 We review a lower court's denial of a motion to vacate de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). The district court's factual and credibility determinations are reviewed for clear error. Mahoney v. United States, 831 F.2d 641, 645 (6th Cir.1987), cert. denied, 486 U.S. 1054 (1988).
 
 A. THE NECESSITY OF AN EVIDENTIARY HEARING
 
 9
 As noted above, Anderson claims that the trial court's failure to hold an evidentiary hearing resulted in the erroneous denial of her motion to vacate. Such a hearing, she argues, is required by the language of 28 U.S.C. Sec. 2255. This section provides in relevant part:
 
 
 10
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 11
 * * *
 
 
 12
 Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon....
 
 
 13
 (emphasis added).
 
 
 14
 In United States v. Todaro, 982 F.2d 1025, 1030 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993), we held that this language does not mandate a "full blown evidentiary hearing" in every case. The provisions of Sec. 2255 "are not magic words requiring a district judge, who is fully familiar with the circumstances ... to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." Id.; see also Blackledge v. Allison, 431 U.S. 63, 71 (1977) ("To allow indiscriminate hearings in federal postconviction proceedings ... for federal prisoners under 28 U.S.C. Sec. 2255 ... would eliminate the chief virtues of the plea system--speed, economy, and finality.").
 
 
 15
 In Todaro, the defendant, who received a seven-month jail sentence, alleged that his guilty plea had not been knowingly and voluntarily entered because his attorney had assured him that he would receive a probationary sentence if he entered the plea. This court found that an evidentiary hearing was not required where all of the information relevant to that issue was in the record before the district court. 982 F.2d at 1030. Compare Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986) (evidentiary hearing denied where facts in the record were sufficient to address the defendant's claims) with Pitts v. United States, 763 F.2d 197, 201 (6th Cir.1985) (court remanded case for an evidentiary hearing where record did not contain all the facts needed to decide the validity of the defendant's claims).
 
 
 16
 Much like the claims made by the Todaro defendant, the claims asserted by Defendant Anderson are adequately addressed by the evidence in the record. Anderson asserts that she never indicated to the government that she was unwilling to cooperate with their prosecution of other cases. In support of her position Anderson presents numerous letters between herself and her attorney, Daniel Bremer. In these letters, Anderson indicates her willingness to cooperate.
 
 
 17
 The government disputes the assertion of continuous cooperation on Anderson's part. In support of its position the government presents the affidavit of Agent Todd Bowden, wherein Bowden asserts, "I spoke with Assistant United States Attorney Mark C. Jones and informed him that, in my opinion, Alberta Anderson was not being cooperative." Bowden Affidavit at p 6.
 
 
 18
 The district court had access to all of this information during its consideration of Anderson's Sec. 2255 motion. Moreover, the district judge who considered the factual allegations in the motion, Judge Newblatt, is the same judge that initially encouraged the government to file a Rule 35 motion. See Todaro, 982 F.2d at 1030 (noting that "[t]he judge who was called upon to decide the fact issues presented by [the defendant's] motion and allegations was the same judge who presided over [the defendant's] guilty plea."). As Anderson has presented no evidence in support of her claim that is extrinsic to the record, an evidentiary hearing was not required and the district court thus did not err in failing to hold one.
 
 B. ANDERSON'S LACK OF COOPERATIVENESS
 
 19
 Anderson's second challenge to the district court's denial of her motion is that the court erroneously concluded that she was uncooperative. Anderson asserts that "[t]he District Court denied relief of the motion based on the government's unsubstantiated allegation that Ms. Anderson had reneged on her agreement to provide assistance." Anderson Br. at 7 (emphasis in original).
 
 
 20
 However, despite Anderson's claim, the government's allegation of Anderson's uncooperativeness is supported by Bowden's affidavit. Bowden maintains that Anderson "indicated to me that she did not understand why she was in prison as she did not know anything about cocaine.... Ms. Anderson then continued that she did not know half the people listed on the Indictment. In response, I pointed out that she had given a statement regarding the activities of these people." Bowden Affidavit at p 5.
 
 
 21
 The government's agreement to move for a Rule 35 reduction in sentence was premised upon Anderson's cooperation. When evidence indicated that this cooperation was lacking, the district court found Anderson's sentence to be valid.
 
 
 22
 Notwithstanding the district court's judgment, Anderson asks this court to reweigh the evidence and overturn the lower court's determination. That is not our role. Mahoney, 831 F.2d at 645. The district court's factual determination in the instant case should only be overturned if it is clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 573-75 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574. See also Bueno v. Mattner, 829 F.2d 1380, 1384 (6th Cir.1987), cert. denied, 486 U.S. 1022 (1988). Applying this standard to the instant case, we uphold the district court's determination that Anderson's sentence need not be vacated where she failed to cooperate with the government.
 
 III.
 
 23
 Finally, Anderson presents the disturbing claim that Assistant U.S. Attorney Mark Jones "resorted to intimidation and harassment to deny and/or punish Ms. Anderson for exercising her constitutional right to meaningful access to the courts and to cause her problems with prison officials." Anderson Reply Br. at 1-2. The basis for this claim is the letter that AUSA Jones sent to the Lexington Medical Center, where Anderson was imprisoned. In this letter, Jones asked Anderson's Case Manager, Ray Marshall, to approach her with copies of the motion to vacate and the appeal to inquire about any assistance she had received. It was Jones' belief that someone had helped Anderson draft the two documents.
 
 
 24
 No proper motive for this letter has been asserted, nor can we discern any. As Anderson correctly asserts, she has the right to engage in legal research and enlist the aid of others in completing this research. 28 C.F.R. Sec. 543.11(f) provides in relevant part:
 
 
 25
 Unless the institution has an active, ongoing legal aid program, the Warden shall allow an inmate the assistance of another inmate during their leisure time for purposes of legal research and preparation of legal documents.
 
 
 26
 However, despite the impropriety of Jones' letter, Anderson has not requested that relief be granted, and we have not afforded any.
 
 IV.
 
 27
 For the foregoing reasons, we AFFIRM Defendant Anderson's sentence, and the district court's denial of her motion to vacate.
 
 
 
 [1]
 Anderson filed an initial appeal of her sentence arguing that the district court had incorrectly calculated her base offense level. We affirmed her sentence in an unpublished opinion, United States v. Anderson, No. 90-1254 (6th Cir., Sept. 12, 1990), cert. denied, 498 U.S. 991 (1990)