**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0056n.06

No. 10-3622

**FILED**

**Jan 13, 2012**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| DINO A. PARRELLA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, ROGERS, and SUTTON, Circuit Judges.

PER CURIAM. Dino A. Parrella pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to seventy months in prison. On appeal, Parrella argues that his plea was invalid and that his sentence was procedurally and substantively unreasonable. We affirm Parrella's conviction but remand for resentencing.

Parrella was charged with the above-specified offense based on his possession of a gun collection that he inherited from his father. In the plea agreement, the parties stipulated that Parrella's base offense level was 20 as a result of his 1991 felony assault conviction. *See* USSG § 2K2.1(a)(4)(A). The parties also stipulated that Parrella's base offense level would be increased by four levels based on the number of firearms involved in the offense, *see* USSG § 2K2.1(b)(1)(B), and reduced by three levels for acceptance of responsibility, *see* USSG § 3E1.1. The parties disagreed on whether a four-level enhancement should apply because one of the firearms had an altered or obliterated serial number. *See* USSG § 2K2.1(b)(4)(B).

The district court ruled in the government's favor on that issue and adopted the guideline calculations set forth in the plea agreement, resulting in a total offense level of 25. When combined with Parrella's criminal history category of III, this yielded a guideline range of 70 to 87 months. The district court sentenced Parrella to 70 months of imprisonment, to be followed by three years of supervised release.

The parties now agree that, because Parrella's 1991 felony assault conviction was too old to be assessed criminal history points, it should not have been considered for purposes of calculating his base offense level. *See* USSG § 2K2.1, comment. (n.10). Rather, Parrella's base offense level should have been 14, with eligibility for a further reduction if the district court determined that he possessed the guns solely for collection and did not discharge or use them unlawfully. *See* USSG § 2K2.1(a)(6), (b)(2). The government concedes that this error is plain and warrants resentencing. *See United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009) (holding that a miscalculation that increases the guideline range constitutes plain error). Because we agree that this procedural error requires a remand for resentencing, we do not address Parrella's challenge to the substantive reasonableness of his sentence. *See United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009).

To the extent that Parrella argues that this error renders his plea invalid, we disagree. Parrella was properly advised of the statutory maximum sentence of ten years, and his misapprehension as to the applicable guideline range did not affect the voluntariness of his plea. *See United States v. Brown*, 391 F. App'x 524, 528 (6th Cir. 2010); *United States v. Hodge*, 259 F.3d 549, 553-54 (6th Cir. 2001). The case on which Parrella relies, *Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985), is inapposite because, in that case, the district court improperly advised the defendant of the maximum penalty authorized by statute.

Because of the error in calculating Parella's advisory guideline range, we vacate the sentence imposed by the district court and remand the case for resentencing.