**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0978n.06

**No. 11-5586**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 04, 2012*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| DEMETRICK BOYD, | ) ) | |
| Defendant-Appellant | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.  The defendant-appellant, Demetrick Boyd, entered pleas of guilty to Counts 1, 2, 3 and 4 of the superseding indictment.  Count 1 charged Boyd with possession with intent to distribute and distributing five grams or more of cocaine base.  Count 2 charged Boyd with possession with intent to distribute 50 grams or more of cocaine base.  Count 3 charged Boyd with using and carrying a firearm in relation to a drug trafficking offense.  Count 4 charged Boyd with possession of a firearm as a previously convicted felon.

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

The primary issue raised by Boyd challenged his sentence as related to the district court's determination that he was a career offender. Boyd's presentence report indicated two prior state drug-traffic convictions for offenses committed on September 11 and September 17, 1996. In response to Boyd's contentions, the probation officer amended the presentence report to indicate that Boyd was arrested at the time of his September 11, 1996 drug offense before he subsequently committed the September 17, 1996 drug offense. Consequently, the two drug convictions counted for career-offender purposes. Thus, Boyd's challenge is without merit.

The district court conducted a lengthy sentencing hearing. *See* r.104. The district court then announced its tentative ruling and fixed the guideline calculation at an offense level 34 together with a criminal history category VI providing for a sentencing range of 262 to 327 months for Counts 1, 2 and 3, plus the mandatory consecutive sentence of 60 months for Count 4.

Then the district court turned to a consideration of a variance and eventually sentenced the defendant to a term of 188 months with respect to Counts 1, 2 and 3 to be served concurrently. The district court sentenced Boyd to an additional sentence of 60 months on Count 4 to run consecutively to the 188 month sentence for a combined total of 248 months.

The district court sentenced Boyd prior to the decision of *Dorsey v. United States*, 132 S.Ct. 2321 (2012), in which the Supreme Court held that the more lenient penalties of the Fair

Sentencing Act, which reduced the crack-to-powder cocaine disparity, applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date.

In determining that Boyd was not entitled to the benefit of the Fair Sentencing Act because he committed the crack cocaine offenses before the Fair Sentencing Act became effective, and in reliance upon *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), the district court refused to adjust Boyd's sentence downward based on the Fair Sentencing Act. Nevertheless, the district court granted the downward variance to a total sentence of 248 months.

This court is of the view that the sentencing of the defendant should be remanded for further consideration by the district court in view of the subsequent decision in *Dorsey*, 132 S.Ct. 2321. It may well be that the district court, now aware of the subsequent decision in *Dorsey,* might well conclude that an additional variance is justified.

Consequently, and in summary, the objection of the appellant to the determination that Boyd is a career offender is without merit. However, the case is remanded for re-sentencing in light of *Dorsey*.