NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0491n.06

No. 12-5614

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 15, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOE TYUS, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Defendant-Appellant. | ) | WESTERN DISTRICT OF TENNESSEE |

Before:  CLAY and COOK, Circuit Judges; OLIVER, District Judge[*]

COOK, Circuit Judge.  Joe Tyus, who pleaded guilty to possession with the intent to distribute more than five grams of cocaine base, appeals his 151-month sentence in light of the Supreme Court's recent ruling that the more lenient penalties of the Fair Sentencing Act of 2010 (FSA) apply retroactively to post-enactment sentences. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).  Citing his plea agreement's appellate waiver, the government moved to dismiss the appeal.  A motions panel of this court referred the motion, which we denied to allow consideration with the merits.  In its merits brief, the government renews its appellate-waiver argument and alternatively asserts that Tyus's unpreserved FSA claim fails plain-error review.  We begin with the waiver.

---

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

I.

Our cases recognize that a defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (citation omitted). If the defendant knowingly and voluntarily enters a plea agreement containing a waiver of appellate rights, we will enforce the waiver according to its terms. *E.g.*, *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). This rule reflects the mutually beneficial possibilities of the waiver as a plea-bargaining tool: the defendant may use it to seek concessions, and the government hopes to use it to avoid unnecessary appellate litigation. *Id.* at 379.

Tyus does not contest his knowing and voluntary waiver of his appellate rights. (*See* Appellant Br. at 17 (conceding that "[t]he record herein does demonstrate that the district court explained the appellate waiver contained in Mr. Tyus' Plea Agreement extensively").) Rather, he argues that *Dorsey* renders his plea unknowing, because the district court failed to use the FSA's reduced penalties.[1] If it had, Tyus claims that he would have faced no mandatory minimum and his statutory maximum would have been twenty years, *see* 21 U.S.C. § 841(b)(1)(C), and his guidelines range as a career offender would have been 151–188 months, *see* U.S.S.G. ch. 5, pt. A (range for adjusted offense level of 29 and criminal history category of VI). Instead, relying on the pre-FSA penalties, the district court based his sentence on a five-year mandatory minimum, a forty year

---

[1]It appears that the district court relied on our then-applicable precedent, which held that the FSA did not apply retroactively to pre-enactment crimes. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

statutory maximum, and a guidelines range of 188–235 months (offense level 31, criminal history VI).

Notwithstanding its use of the pre-FSA penalties, the district court issued (what it perceived as) a below-guidelines sentence of 151 months. This 37-month downward variance, Tyus argues, justifies remanding to see if it would grant a further variance from the FSA-modified guidelines range. Indeed, a panel of this court made that very inference in remanding another post-FSA crack sentencing for reconsideration in light of *Dorsey*. *United States v. Boyd*, 478 F. App'x 323, 324 (6th Cir. 2012) (per curiam) (pointing to the district court's downward variance from the pre-FSA guidelines range, and finding that "the district court, now aware of the subsequent decision in *Dorsey*, might well conclude that an additional variance is justified").

Yet, as the government correctly points out, an important fact distinguishes this case from *Boyd*: Tyus waived his appellate rights as part of his plea agreement. If knowing and voluntary, we will enforce the waiver. *Toth*, 668 F.3d at 377–78; *see also United States v. Fleming*, 239 F.3d 761, 764–65 (6th Cir. 2001) (enforcing the appellate waiver of a knowing and voluntary plea, despite the district court's mistaken advice that the defendant could appeal his sentence).

Tyus's current *Dorsey*-based objection to the district court's use of pre-FSA penalties falls under the rubric of Federal Rule of Criminal Procedure 11(b)(H) and (I), which requires the court in taking a plea to advise the defendant of his statutory maximum and minimum sentences. Though we generally review a court's Rule 11 mistakes for harmless error, Fed. R. Crim. P. 11(h), we review

this claim for plain error because Tyus failed to object below, *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012). As applied to appeals challenging the knowing and voluntary nature of a plea, plain-error review places the "burden . . . on the defendant to show that but for the error, he would not have pleaded guilty." *Id.* Appellant does not do so.

He does not suggest that the sentencing ranges used by the government and the district court led him to accept a plea he otherwise would have rejected. Nor does he claim to have pleaded guilty with the expectation of a lower sentencing range, only to be ambushed at sentencing with a greater sentence. *Cf. Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991) (granting conditional habeas relief where the court advised the defendant of a maximum 15-year term, instead of the actual 30–75-year range). In fact, by asking only for resentencing (Appellant Br. at 25), he does not contest the plea at all.

We may not presume plain error, especially where the defendant's sentence falls within the proper statutory and guidelines ranges despite the court's Rule 11 errors. *See, e.g.*, *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (explaining that plain-error review requires the defendant to show an "obvious or clear" error that "affected [his] substantial rights" and "the fairness, integrity, or public reputation of the judicial proceedings"); *United States v. Bradley*, 400 F.3d 459, 463–66 (6th Cir. 2005) (enforcing plea-agreement appellate waiver, despite appellant's *Booker* challenge to the district court's strict application of the sentencing guidelines, explaining that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become

vulnerable because later judicial decisions indicate that the plea rested on a faulty premise" (citation omitted)). Consequently, we reject Tyus's challenge to his knowing and voluntary entry of the plea, and we will enforce the terms of the plea agreement.

II.

Looking to the terms of the appellate waiver, Tyus expressly "waive[d] all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed," with three exceptions: (1) if the "sentence exceeds the maximum permitted by statute," (2) if the sentence "is an upward departure from the guideline range that the court establishes at sentencing," and (3) if the government appeals the sentence. (R. 24, Plea Agreement ¶ 8.) None of these exceptions allow appellant's FSA arguments.

Tyus suggests in passing that the government's violation of the plea agreement should enable his appeal. Specifically, he points to the government's argument for a guidelines sentence during the sentencing hearing, contrary to the parties' joint agreement to argue for a low-end guidelines sentence. (*See* R. 24, Plea Agreement ¶ 7.) But he acknowledges that he breached this plea-agreement term first by arguing for a variance. (Appellant Br. at 21 n.3.) In any event, the relevant plea agreement term provides that the "[f]ailure of the district court to sentence the Defendant at the [recommended] lowest end of the applicable guideline range *is not a basis* for the Defendant to withdraw [the] guilty plea or to appeal [the] sentence." (R. 24, Plea Agreement ¶ 7 (emphasis added).) We do not view this limited breach, instigated by defendant, as affecting the appellate waiver or the remainder of the plea agreement.

III.

Because the plea agreement's appellate waiver forecloses appellant's arguments, we DISMISS the appeal.