NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1004n.06

**No. 13-5740**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Nov 26, 2013

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DEMETRICK BOYD, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges, and DOWD, District Judge.[*]

SUTTON, J. Demetrick Boyd first visited our court when he appealed his 248-month sentence for several drug and gun-possession convictions. After reviewing Boyd's sentence, this panel remanded the case to the district court "for further consideration . . . in view of . . . *Dorsey* [*v. United States*], 132 S. Ct. 2321 [(2012)]." *United States v. Boyd*, 478 F. App'x 323, 324 (6th Cir. 2012) (per curiam). We wrote that "[i]t may well be that the district court, now aware of the subsequent decision in *Dorsey*, might well conclude that an *additional variance* is justified." *Id.* (emphasis added). On remand, the district court gave Boyd's case a "fresh look" and imposed a *higher* sentence: 262 months—14 months longer than Boyd's original sentence. R. 136 at 39, 43.

---

[*] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

"When an appeals court issues a remand order that is limited by its terms to a discrete issue, the district court's authority is constrained to the issue or issues remanded." *United States v. Williams*, 522 F. App'x 278, 279 (6th Cir. 2013) (internal quotation marks omitted). In such cases, a "fresh look" is unwarranted and exceeds the scope of the district court's sentencing authority. *See United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997).

In this instance, we remanded Boyd's case to the district court for resentencing "in view of" *Dorsey*, including for consideration of whether "an additional variance is justified." *Boyd*, 478 F. App'x at 324. No doubt, a vacatur and general remand for resentencing would "allow[] the district court to resentence the defendant de novo." *Moore*, 131 F.3d at 597. But that did not happen here. Our mandate allowed the district court to consider one, and only one, issue: whether the Supreme Court's decision in *Dorsey* entitled Boyd to a lower sentence. It did not allow the court to impose a higher sentence.

The government insists that the remand "d[id] not unmistakably direct the district court to only consider whether to impose a downward variance in Boyd's case." App'ee Br. at 12. True enough, one phrase in the opinion taken by itself said that the district court could "conclude that an additional variance is justified," *Boyd*, 478 F. App'x at 324, seemingly leaving open the possibility that the variance could go up or down. But we do not read phrases by themselves. The "additional variance" phrase appeared in the context of a paragraph discussing the "*more lenient* [Fair Sentencing Act] penalties" applicable to convicts like Boyd after the Supreme Court's *Dorsey* decision, *id.* (emphasis added), and a paragraph discussing the district court's decision to grant a

"*downward* variance" in Boyd's original sentence, *id.* (emphasis added). In context, the "additional variance" possibility concerned the possibility of an additional downward variance, not an additional upward one.

The government persists that the remand does not "unmistakably forbid the district court from properly calculating Boyd's career offender guideline [range]." App'ee Br. at 12. But if an appellate court may accomplish a limited remand only by detailing all the things that a district court may *not* do, the boundary between general and limited remands will disappear. As has long been the case, general remands allow district courts to conduct full, fresh sentencings without constraining the evidence or arguments that the district courts may consider, and limited remands allow district courts to consider "the issue or issues remanded" and nothing more. *Moore*, 131 F.3d at 597–98.

We vacate the district court's sentence and remand Boyd's case for the limited purpose of reimposing his original 248-month sentence.