**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0730n.06

Case No. 13-4061

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Sep 18, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| NATHANIEL D. GRUNDY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE and COOK, Circuit Judges; STEEH, District Judge[*]

COOK, Circuit Judge. Nathaniel Grundy, who pleaded guilty to conspiracy to possess with intent to distribute more than 100 grams of heroin, appeals his 151-month sentence. The district court classified Grundy as a career offender under the sentencing guidelines after determining that two of Grundy's previous Ohio domestic violence convictions constituted "crimes of violence." Grundy challenges the career offender enhancement, but the government responds that the appellate waiver in his plea agreement precludes review of the issue. We agree with the government and therefore DISMISS the appeal.

---

[*] The Honorable George C. Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

From October 2007 until November 2012, Grundy conspired with seven others to distribute heroin in northeastern Ohio. He eventually pleaded guilty to conspiracy to possess with intent to distribute more than 100 grams of heroin. In his written plea agreement, Grundy acknowledged that his crime carried a maximum 40-year sentence. He also recognized that he and the government had made "no agreement about the sentencing range to be used or sentence to be imposed in this case." (R. 107, Plea Agreement ¶ 10.) Under the plea agreement, Grundy "expressly and voluntarily waive[d]" most appellate and collateral-attack rights under 18 U.S.C. § 3742 and 28 U.S.C. § 2255. He reserved only his right to appeal:

> (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the greater of any mandatory minimum sentence or the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's determination of Defendant's Criminal History Category.

(R. 107, Plea Agreement ¶ 20.)

The district court classified Grundy as a career offender under the guidelines due to his previous domestic violence convictions. After the court granted the government's motion for a two-level reduction under U.S.S.G. § 5K1.1, it sentenced Grundy to 151 months' imprisonment, the low end of the resulting guidelines range (151–188 months). Grundy appeals, invoking only the second appellate waiver exception, subsection (b).

A defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (citation omitted). So long as the defendant knowingly and voluntarily enters a plea agreement including a waiver of appellate rights, we enforce the waiver according to its terms. *E.g.*, *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). "This rule reflects the mutually beneficial possibilities of the

waiver as a plea-bargaining tool: the defendant may use it to seek concessions, and the government hopes to use it to avoid unnecessary appellate litigation." *United States v. Tyus*, 526 F. App'x 581, 582 (6th Cir. 2013).

Because Grundy does not contest the knowing and voluntary nature of his guilty plea, we look to the language of the appellate waiver. Grundy argues that subsection (b) reserves his right to appeal the district court's "erroneous application of the career offender enhancement." (Appellant's Reply Br. at 1–2.) It does not. By the plain terms of the waiver, subsection (b) preserves Grundy's right to appeal only to the extent his sentence exceeds the maximum of the guidelines imprisonment range or the statutory minimum, whichever is greater. This provision further presumes a guidelines range "determined . . . in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court." Here, the agreement states that the parties left the sentencing range undecided, "other than to stipulate to the computation of the advisory Sentencing Guidelines offense level."[1] (R. 107, Plea Agreement ¶ 10; *see also id.* ¶ 25.) To that end, paragraph twelve, titled "Stipulated Guideline Computation," prescribes a base offense level of 28 as "a correct computation of the applicable offense level." Though the plea agreement did not anticipate the district court's use of a career offender offense level, Grundy's 151-month sentence nonetheless falls within the sentencing range for the stipulated offense level of 28 and a criminal history category of VI (140–175 months). U.S.S.G. Sentencing Table. Grundy therefore cannot appeal under subsection (b).

---

[1] Though the agreement contemplates reductions for acceptance of responsibility and cooperation with law enforcement, it clarifies that these adjustments remain within the court's discretion. (R. 107, Plea Agreement ¶¶ 13, 16; *see also id.* ¶ 25.) Grundy does not contest that the government honored its commitments to support these reductions.

Nothing in *United States v. Hockenberry*, 730 F.3d 645 (6th Cir. 2013), cited by Grundy, counsels otherwise. In *Hockenberry*, we reached the merits of the defendant's challenge to his career criminal enhancement under the Armed Career Criminal Act[2] despite the presence of a similar appellate waiver. *See id.* at 656, 665. Yet the *Hockenberry* waiver differed from Grundy's in one important respect: it specifically reserved the defendant's right to appeal his "classification . . . as an Armed Career Criminal." *Id.* at 656.

Grundy did not reserve the right to appeal his classification as a career offender. Accordingly, we enforce the appellate waiver and DISMISS the appeal.[3]

---

[2] This Court recognizes that the guidelines' definition of "crime of violence" under § 4B1.1 and § 4B1.2(a) is largely similar to the Armed Career Criminal Act's definition of "violent felony"; consequently, cases interpreting either may provide "a useful comparison." *See United States v. Sawyers*, 409 F.3d 732, 740 n.9 (6th Cir. 2011) (citing *United States v. Johnson*, 246 F.3d 330, 334 n.5 (4th Cir. 2001)), *abrogated on other grounds by United States v. Vanhook*, 640 F.3d 706 (6th Cir. 2011).

[3] The government has filed a motion to take judicial notice of certain documents relating to the merits of Grundy's appeal. Because we dismiss this appeal in accordance with the appellate waiver, we deny the motion as moot.