NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0159n.06

Case No. 17-3505

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Mar 28, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DERRICK SWINNEY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: MERRITT, CLAY, and SUTTON, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Derrick Swinney appeals the 77-month sentence he received following his guilty plea for escaping federal custody and two counts of bank robbery. Swinney argues that his guilty plea was not knowing, intelligent, and voluntary, and that his sentence is procedurally and substantively unreasonable. For the reasons stated below, we AFFIRM.

Forty-six year old Derrick Swinney served the last few months of his thirteen-year sentence for bank robbery at the Oriana Halfway House in Cleveland, Ohio. On September 13, 2016, thirty-two days before his scheduled release, Swinney escaped. A week later, Swinney entered a Cleveland branch of KeyBank unarmed and handed the teller a note demanding cash. The teller complied, and Swinney left with $3,170. On October 4, Swinney returned and repeated the scheme, leaving this time with $1,700. Cleveland police subsequently arrested him. On November 9, Swinney was charged with escaping custody in violation of 18 U.S.C. § 751 and two counts of bank robbery in violation of 18 U.S.C. § 2113(a).

On December 29, Swinney signed a written agreement to plead guilty, which stated the potential statutory maximums and that his sentence would be determined at the discretion of the court. At the plea hearing on January 6, 2017, the parties discussed the calculation of Swinney's total offense level and criminal history category under the U.S. Sentencing Guidelines. The government suggested that Swinney would receive an offense level of 23 or 32 depending on whether he was deemed a "career offender." Swinney's counsel noted that he would be eligible for a 3-level reduction for acceptance of responsibility. Accordingly, the district court informed Swinney of the various possible ranges corresponding to a total offense level of 20 or 29.

The presentence report finalized on April 13, 2017, determined that Swinney actually had a total offense level of 21 (reduced by 3 levels from 24) and a Criminal History Category of VI, yielding an advisory sentencing guidelines range of 77 to 96 months. At the May 2 sentencing hearing, Swinney stated that he had reviewed the presentence report with his attorney and found no mistakes. The district court agreed with the findings of the presentence report. Swinney urged the court to grant a downward variance, arguing that Swinney meant to get caught and committed the robberies as a cry for help, as evinced by the fact that he made no attempt to conceal his identity and looked directly into the bank's security cameras. After weighing Swinney's age and success with vocational training at the halfway house against the fact that Swinney abandoned that training to rob more banks, the court sentenced Swinney to a 77-month sentence at the bottom of the guidelines range. Swinney timely appealed.

On appeal, Swinney first argues that his pleas of guilty were not knowing, intelligent, and voluntary because the district court misstated the applicable sentencing guidelines range at his plea hearing. As a waiver of the constitutional right to trial by jury, a defendant's plea of guilty must be "knowing" and "intelligent" such that the defendant is sufficiently aware of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005). Swinney requests that this court vacate his sentence and remand to determine whether the court's misstatements materially influenced his plea. We do not find that Sweeney has shown an error warranting a remand.

This court typically reviews *de novo* whether a guilty plea was knowing, intelligent, and voluntary. *United States v. Jones*, 403 F.3d 817, 822–23 (6th Cir. 2005). However, because Swinney did not contemporaneously object, we review for plain error. *United States v. Vonn*,

535 U.S. 55, 59 (2002). Plain error consists of "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotations and citation omitted). Assuming *arguendo* that the district court's statements at the plea hearing constituted error, the "demanding" plain error standard still requires Swinney to "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Hogg*, 723 F.3d 730, 737 (6th Cir. 2013) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

"[A]ffirmative misstatements of the maximum possible sentence" may "invalidate a guilty plea." *Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985). This court has remanded prior cases to allow a defendant to withdraw his guilty plea when no other source informed him of the error. *Hogg*, 723 F.3d at 750. Nonetheless, an error may be found harmless when the defendant was aware of the omitted or misstated information through other means. *Id.* at 746–47 (citing *Pitts*, 763 F.2d at 200). Swinney's failure to move to withdraw his plea or otherwise object after reviewing the accurate information in the presentence report creates a "high hurdle" for him to overcome on appeal. *Williams v. United States*, 47 F. App'x 363, 368–69 (6th Cir. 2002) (quoting *United States v. Santo*, 225 F.3d 92, 97 (1st Cir. 2000)).

We find the error in this case harmless because multiple other sources correctly informed Swinney of his range. Immediately following the district court's misstatement at the plea hearing, Swinney's trial counsel told the court that he and Swinney had discussed "the variety of permutations for the guideline range" and that Swinney "knows the fluctuations that are possible." Weeks before sentencing, the presentence report informed Swinney of his correct range. There is no indication that the district court "ambushed [Swinney] at sentencing with a greater sentence." *United States v. Tyus*, 526 F. App'x 581, 583 (6th Cir. 2013).

Swinney next argues that his sentence is procedurally and substantively unreasonable. *Cf. Gall v. United States*, 552 U.S. 38, 51 (2007). This court reviews a district court's sentence for reasonableness using the deferential abuse-of-discretion standard. *United States v. Pirosko*, 787 F.3d 358, 372 (6th Cir. 2015). "An abuse of discretion occurs when we are left with the definite and firm conviction that the [district] court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors or where it improperly applies

the law or uses an erroneous legal standard." *Id.* at 365 (citations and internal quotation marks omitted). We do not find that the district court abused its discretion here.

Procedural error occurs when the district court does not (1) "properly calculate[ ] the applicable advisory Guidelines range," (2) "consider[ ] the other § 3553(a) factors" or the parties' non-frivolous arguments for a variance, or (3) "adequately articulate[ ] its reasoning for imposing the particular sentence." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). The sentencing court must "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Merely "apply[ing] the Guidelines to a particular case . . . will not necessarily require lengthy explanation." *Id.* at 356–57.

At sentencing, Swinney's counsel requested a variance and presented a number of mitigating circumstances, arguing that Swinney intended to get caught and that he only committed the robberies due to anxiety about his lack of post-conviction employment prospects. Swinney argues that the sentencing court failed to address his arguments or explain why the judge rejected them. "[A] district court need not provide an explanation for rejecting a mitigating argument if 'the matter is conceptually simple' and 'the record makes clear that the sentencing judge considered the evidence and arguments.'" *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *Rita*, 551 U.S. at 359). The record shows that the district court judge listened to Swinney's arguments and engaged in a dialogue with Swinney and his counsel. *Cf. Rita*, 551 U.S. at 358–59. The sentencing judge questioned elements of Swinney's narrative, such as the claim that he needed to rob the bank to provide for himself. Ultimately, the district court properly analyzed the § 3553(a) factors and concluded that the circumstances of Swinney's offenses and his history outweighed any factors supporting a variance.

Swinney also restates his voluntariness argument as a procedural reasonableness challenge with citation to *United States v. Parrella*, a case in which the district court adopted an incorrect guideline calculation at sentencing. 448 F. App'x 591 (6th Cir. 2012). *Parrella* is

inapposite: here, the error occurred at Swinney's plea hearing; the district court used the correct calculation at sentencing.[1] We conclude that Swinney's sentence was procedurally reasonable.

"If the sentence is deemed procedurally reasonable, we must then determine if it is substantively reasonable." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). "The sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *Id.* Within-guidelines sentences enjoy a rebuttable presumption of substantive reasonableness on appeal. *United States v. Cabrera*, 811 F.3d 801, 808 (6th Cir. 2016). The presumption is rebutted by an "absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors." *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006) (quoting *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006), *abrogated on other grounds by United States v. Young*, 580 F.3d 373 (6th Cir. 2009)). However, district courts "need not engage in ritualistic incantation in order to establish consideration of a legal issue" or "make specific findings relating to each of the factors considered." *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998) (quoting *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995)).

Swinney argues that the court gave unreasonable weight to the nature of his offense because the district court concluded its consideration of Swinney's arguments by saying, "I'm going to sentence you to a Guideline sentence just because of the nature of the offense." We do not take the court's phrase "just because" to be literal because in the extensive discussion preceding it, the court considered the characteristics of the defendant per 18 U.S.C. § 3553(a)(1), the seriousness of the offense per § 3553(a)(2)(A), his likelihood of recidivism per § 3553(a)(2)(C), his educational or vocational training per § 3553(a)(2)(D), the applicable sentencing range per § 3553(a)(4), and other relevant factors. Swinney has not shown that the district court erred substantively by concluding that the low-end guidelines sentence of 77 months was sufficient, but not greater than necessary, to satisfy the goals of 18 U.S.C. § 3553(a).

---

[1] Indeed, *Parrella* serves only to undermine Swinney's other arguments, because *Parrella* found that the defendant's "misapprehension as to the applicable guideline range did not affect the voluntariness of his plea." 448 F. App'x at 592.

For the reasons stated above, the district court's decision is AFFIRMED.