NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0583n.06

Case No. 20-3041

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ZYSHONNE AUSTIN, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

**FILED**
Oct 14, 2020
DEBORAH S. HUNT, Clerk

_____ /

Before: MERRITT, MOORE, and GIBBONS, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Zyshonne Austin appeals the 154-month sentence he received following his guilty plea for various offenses, including conspiracy to commit carjacking, carjacking, theft of firearms from a federal firearm licensee, brandishing a firearm during a crime of violence, and possessing a stolen firearm. Austin initially pleaded not guilty, but later pleaded guilty to the charges during a change-of-plea hearing. Defendant argues on appeal that his guilty plea was not valid because he claims the district court gave him inaccurate information about his guideline sentencing range without telling him the range might be higher after preparation of his presentencing report. For the reasons stated below, we affirm.

At the change-of-plea hearing, the parties discussed the calculation of defendant's total offense level and criminal history category under the U.S. Sentencing Guidelines. The district

court first asked government counsel to recite the maximum possible penalty for each count. After defendant stated in the affirmative that he understood the maximum possible penalties, the court said "Now we're going to talk about the guideline range and also whether or not there are mandatory minimums. So I'd ask [defense counsel] to set out, at least his best understanding right now, of what that [guideline range] might be." Change-of-Plea Hr'g Tr. at 13.[1] Defense counsel went through the counts, concluding with:

> [W]e believe that [defendant] is either a Criminal History Category I or II. Assuming the worst case scenario, that would bring [him] up in a range of 46-57 months. And he understands that that range would have to be served consecutive[ly] to the seven-year [mandatory minimum for brandishing a firearm during a crime of violence.]

*Id*. at 13-14. The government indicated that it agreed with that range. *Id*. The district court queried government counsel, asking if the "worst case scenario" was 46-57 months plus seven years consecutive to that, "*assuming he's a Criminal History [Category] II*"? Counsel said yes. *Id*. at 14 (emphasis added). At the conclusion of the change-of-plea hearing, the court told the defendant that a probation officer would gather information and prepare a presentence report for the court. The court explained that it would use this document to sentence defendant. *Id*. at 28. The court asked if there was anything further, to which defense counsel said no. *Id*. at 29.

The initial presentence report was filed on October 22, 2019. On November 5, 2019, defendant submitted a one-sentence objection without explanation: "The defense objects to the enhancements in paragraph 27, 29, and 30." In the presentence report, the listed paragraph numbers refer to defendant's base offense level, a four-level enhancement for an obliterated serial number on a firearm, and using or possessing a firearm in conjunction with another felony, respectively. The probation officer was unable to respond to the objection given the lack of

---

[1] The change-of-plea hearing transcript on August 26, 2019, is mislabeled "Transcript of Sentencing Proceedings."

specification, but he stood by the base offense level and enhancements in the presentence report. The final presentence report prepared and filed on November 19, 2019. It determined that defendant had a total offense level of 25 (reduced from 28 for acceptance of responsibility) and a Criminal History Category of III, yielding an advisory guidelines range of 70 to 87 months, higher than the 46 to 57-month range that had been discussed at the change-of-plea hearing.

At the sentencing hearing on December 12, 2019, defendant stated that he had reviewed the presentence report with his attorney. Sent'g Hr'g Tr. at 3. At the beginning of the sentencing hearing, defense counsel explicitly withdrew the objection he filed to the presentence report. *Id*. The district court adopted the findings of the presentence report, including the calculation of the offense level and criminal history category. The court then again asked counsel if there were any objections. Defense counsel responded, "That's right, Your Honor. That is correct. No objections." *Id*. at 7. Defense counsel then urged the court to grant a downward variance, arguing that defendant's youth at age 19 and lack of a father figure growing up should mitigate the serious and dangerous nature of the crimes committed. The district court sentenced defendant to the low end of the guideline range at 70 months, to be followed by a mandatory consecutive seven-year sentence, for a total sentence of 154 months. No objections were made after the district court imposed the sentence. Defendant timely appealed.

Arguing that the plea was not "valid" due to the discrepancy between the guidelines range discussed at the change-of-plea hearing and the actual guidelines range calculated in the presentence report and adopted at sentencing, defendant requests that we vacate his plea and remand to the district court. Defendant concedes that a plain-error standard applies due to the lack of contemporaneous objection at sentencing. Plain error consists of "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity,

or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotations and citation omitted). The plain error standard requires defendant to "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Hogg*, 723 F.3d 730, 737 (6th Cir. 2013) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Defendant's specific complaint on appeal is that the district court did not adequately explain to him at the change-of-plea hearing that his range might differ after a presentence report was prepared. But during the change-of-plea hearing, the district court repeatedly said that the range of 46 to 57 months being discussed assumed, based on defendant's counsel's representations at the time, a criminal history category of I or II. As it turned out, defendant had a criminal history category of III, and a base offense level of 25, resulting in a range of 70-87 months—24 months higher on the low end than the range discussed at the change-of-plea hearing.

Defendant concedes that the standard of review is for plain error, but contends he has met its demanding standard. He argues that the 24 to 30-month difference between the guideline range discussed at the change-of-plea hearing and the one applied at sentencing "infected [his] decisionmaking process and thus undermines confidence in the outcome of the plea process." Defendant's Opening (Blue) Br. at 10 (quoting *Rodriguez-Penton v. United States*, 905 F.3d 481, 488 (6th Cir. 2018)). The defendant then has the "further burden," under plain error review, to "persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Vonn*, 535 U.S. 55, 63 (2002) (internal quotation marks, alteration, and citations omitted). Defendant has presented no evidence that a "reasonable probability" exists that he would not have changed his plea to guilty had he known about the

possibility of an additional two years to his sentence, or that "the error seriously affected the fairness, integrity or public reputation of judicial proceedings."

Moreover, defendant's failure to move to withdraw his plea or otherwise object to his offense level or criminal history category after reviewing the information in the presentence report, including his failure to raise the issue at his sentencing hearing, creates a "high hurdle" for him to overcome on appeal. *Williams v. United States*, 47 F. App'x 363, 368–69 (6th Cir. 2002) (quoting *United States v. Santo*, 225 F.3d 92, 97 (1st Cir. 2000)); *see also United States v. Payton*, 380 F. App'x 509, 512 (6th Cir. 2010) (reviewing a claim of an unknowing and involuntary plea for plain error "[b]ecause [the defendant] did not object at his Rule 11 plea hearing or otherwise seek to withdraw his plea before the district court"); *United States v. Lalonde*, 509 F.3d 750, 759 (6th Cir. 2007) ("We review violations of Rule 11 for plain error if the defendant did not object before the district court."). Here, defendant knew at least a month prior to sentencing that the presentence report calculated a higher offense level and higher criminal history category than what was discussed at the change-of-plea hearing. There is no indication that the district court "ambushed [defendant] at sentencing with a greater sentence." *United States v. Tyus*, 526 F. App'x 581, 583 (6th Cir. 2013).

As a waiver of the constitutional right to trial by jury, a defendant's plea of guilty must be "knowing" and "intelligent" such that the defendant is sufficiently aware of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005). Under Federal Rule of Criminal Procedure 11(b)(1),[2] the district court must inform the defendant of a number of rights and

---

[2] Federal Rule of Criminal Procedure 11(b)(1)(M) states:

 (b) Considering and Accepting a Guilty or Nolo Contendere Plea.

  (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant

considerations before it may accept a guilty plea. "[A]ffirmative misstatements of the maximum possible sentence" may "invalidate a guilty plea." *Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985). Here, defendant does not claim he was not informed of the maximum penalty he faced, and the transcript of the change-of-plea hearing demonstrates that he was explicitly informed of the maximum possible sentence for each count, and he indicated he understood the penalties. Change-of-Plea Hr'g Tr. at 11-12. As to guideline ranges, Rule 11(b)(1)(M) states only that in determining a sentence, the court must inform the defendant of its "obligation *to calculate* the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." The Rule does

---

personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

not require the court to inform the defendant of the precise applicable sentencing range at the time of the plea hearing.

Defendant's complaint is that his counsel's "best understanding" of defendant's guideline range at the change-of-plea hearing turned out to be incorrect, and the district court affirmed this understanding at the change-of-plea hearing. But the district court never promised defendant that his sentence would ultimately fall within that range or that he would be sentenced in that range. Instead, the district court followed Rule 11(b)(1)(M) by explaining that it would gather information and *then calculate* his guideline range to determine defendant's sentence based on that range and other factors. At the conclusion of the hearing the court accepted defendant's plea as knowing and voluntary, and said

> The next step will be the preparation of a presentence investigation report by the pretrial probation officer. That officer will talk with you, your counsel, counsel for the United States, and others, to gather the background information on you that I will need in order to sentence you. That officer then will put that information in a formal report.

Change-of-Plea Hr'g Tr. at 28. The court asked if there was anything further, to which defense counsel said no. *Id*. at 29. Defendant apparently believes that this colloquy by the district court should have been presented earlier in the proceeding. But the district court fulfilled its duty under Rule 11 by informing the defendant that the probation officer would gather information to prepare a sentencing report that the court would use to sentence defendant.

While possible guideline ranges were discussed, the court repeatedly said it did not know what the ultimate sentence would be:

> THE COURT:  We're going to go through a number of things today to try to give you, again, a sense of what you might be facing when you're sentenced. *But we can't tell you exactly what that's going to be because I have to get all the information I need before that*. Do you understand that?

THE DEFENDANT:  Yes

THE COURT:          So to the extent that the parties say something today or make recommendations to me, you understand those are just recommendations.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:          And I'll have to make my mind up, my decision as to what the sentence will be *after I receive all of the information*.  Do you understand that?

THE DEFENDANT:  Yes.

Change-of-Plea Hr'g Tr. at 9 (emphasis added).  So while it may be true that the district court did not say at this point that the source of its information would be the presentence report, it made the point to defendant that information needed to be gathered before sentencing and anything that was said during the change-of-plea hearing was subject to change.  The defendant repeatedly told the district court he understood this, and he is bound by his assent.  *See Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (in cases challenging the voluntariness of a plea agreement, defendant is bound by his in-court statements regarding his understanding of the plea).

For the foregoing reasons, the district court's judgment is affirmed.